

Your Missouri Courts

Search for Cases by: [Select Search Method... ▼]

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print          GrantedPublicAccess  Logoff BANDJ0090MO

**20RY-CV00357 - GORDON JONES V UNITED SAFEWAY, INC. ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                    Sort Date Entries: ● Descending    Display Options:
**Click here to Respond to Selected Documents**                    ○ Ascending                    [All Entries ▼]

05/22/2020  ☐ **Family Member/Roommate Served**
Document ID - 20-SMOS-3; Served To - LAKHBINDER, SINGH; Server - ; Served Date - 08-MAY-20;
Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service
Text - Served to roommate - refused to give their name

05/21/2020  ☐ **Affidavit Filed**
AFFIDAVIT OF SERVICE.
　　**Filed By:** MATTHEW BLAKE HEATH
　　**On Behalf Of:** GORDON JONES

05/19/2020  ☐ **Affidavit Filed**
AFFIDAVIT OF SERVICE.
　　**Filed By:** MATTHEW BLAKE HEATH
　　**On Behalf Of:** GORDON JONES

05/07/2020  ☐ **Order - Special Process Server**
Document attached in PDF for attorney to retrieve from Secure Case.net.
　　☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-3, for LAKHBINDER, SINGH. Service document attached in PDF for attorney to
retrieve from Secure Case.net and cause to be served.
　　☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-2, for UNITED SAFEWAY, INC.. Service document attached in PDF for
attorney to retrieve from Secure Case.net and cause to be served.

05/06/2020  ☐ **Filing Info Sheet eFiling**
　　**Filed By:** MATTHEW BLAKE HEATH
　　☐ **Motion Special Process Server**
MOTION FOR PRIVATE PROCESS SERVER; Exhibit A.
　　**Filed By:** MATTHEW BLAKE HEATH
　　**On Behalf Of:** GORDON JONES
　　☐ **Pet Filed in Circuit Ct**
PETITION FOR DAMAGES.
　　**Filed By:** MATTHEW BLAKE HEATH
　　☐ **Judge Assigned**

Case.net Version 5.14.0.17          Return to Top of Page          Released 11/25/2019



Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

**IN THE CIRCUIT COURT OF RAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GORDON W. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** _____ |
| | ) | |
| **v.** | ) | **Division** _____ |
| | ) | |
| **UNITED SAFEWAY, INC.,** | ) | |
| **9846 Ponton Place** | ) | |
| **St. John, Indiana 46373** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SINGH LAKHBINDER,** | ) | |
| **32 Hamilton Blvd NW** | ) | |
| **Cartersville, Georgia 30120** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff Gordon W. Jones, and for his cause of action against Defendants United Safeway, Inc. and Singh Lakhbinder, states and alleges as follows:

**Parties**

1.      Plaintiff Gordon W. Jones was at all times material hereto, a citizen and resident of the State of Missouri.

2.      Defendant United Safeway, Inc. (hereinafter "Defendant United") is a corporation domiciled and headquartered in Indiana and who operates its business in Missouri as a trucking company.

3.      Defendant Singh Lakhbinder (hereinafter "Defendant Lakhbinder ") was at all times material hereto, a citizen and resident of the State of Georgia employed by Defendant United on or about January 24, 2020.

## Jurisdiction & Venue

4.      This Court has subject matter jurisdiction over this matter.

5.      This Court has personal jurisdiction over Defendant United because it conducts substantial business in the State of Missouri and because it committed tortious acts in the State of Missouri.

6.      This Court has personal jurisdiction over Defendant Lakhbinder because he committed tortious acts in the State of Missouri.

7.      The crash which is the subject of this cause of action, and which was caused by the tortious acts of the Defendants, occurred on a public highway, Missouri 210 in Ray County, Missouri.

8.      Venue is proper as Plaintiff Gordon was injured in Ray County in the State of Missouri by the negligent conduct of Defendants. § 508.010.

## Facts

9.      On or about January 24, 2020, Plaintiff Jones was operating a Blue 1998 Weststar Tractor westbound on Missouri 210 in Ray County, Missouri.

10.      On or about January 24, 2020, Defendant Lakhbinder was operating a Blue 2007 Freightliner tractor trailer eastbound on Missouri 210 when his trailer began sliding out to the side from the eastbound lane into the westbound lane.

11.      On or about January 24, 2020, the tractor trailer Defendant Lakhbinder was operating at the time of this collision was owned by Defendant United.

12.      On or about January 24, 2020, due to Defendant Lakhbinder's tractor trailer traveling into the wrong lane, Plaintiff Jones struck the trailer and went off the highway.

13.     As a result of Defendant Lakhbinder's tractor trailer sliding sideways into the westbound lane and causing this collision, Plaintiff Jones suffered severe injuries.

14.     At all relevant times, Defendant United owned and controlled or had the right to control the use and operation of the tractor trailer.

15.     At all relevant times, Defendant Lakhbinder was acting as an agent, servant, or employee of and acting in the ordinary course of employment for Defendant United. As such, Defendant United is vicariously liable for the negligence and recklessness of Defendant Lakhbinder under the principles of agency and *respondeat superior.*

16.     At all relevant times, Defendant United was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in § 390.5 of the Federal Motor Carrier Safety Regulations, and were subject to the rules and regulations within Subtitle B, Chapter III, Subchapter B of Title 49 of the Federal Regulations.

17.     At all relevant times, Defendant United was an authorized "for hire" motor carrier.

18.     At all relevant times, Defendant Lakhbinder operated the tractor trailer with the knowledge, consent, and permission of Defendant United.

19.     At all relevant times, Defendant United controlled or had the right to control the transportation of the Subject Load.

20.     At all relevant times, Defendant United controlled or had the right to control the operation and use of the tractor trailer.

21.     At all relevant times, Defendant United's assigned USDOT Number was 2410501.

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

22.     At all relevant times, Defendant United was authorized to transport the Subject Load and had accepted and bound itself to transport the Subject Load.

23.     At all relevant times, Defendant United represented themselves to be authorized to perform operations as a motor carrier.

24.     Missouri has adopted the Federal Motor Carrier Safety Regulations.

**Count I: Negligence, Negligence *Per Se*, and Recklessness of Defendant Lakhbinder**

25.     Plaintiff incorporates all previous paragraphs into this section.

26.     Defendant Lakhbinder had a duty to exercise the highest degree of care in the operation of the tractor trailer.

27.     Defendant Lakhbinder had a duty to operate the tractor trailer in a careful, prudent, and lawful manner.

28.     Defendant Lakhbinder had a duty not to operate the tractor trailer while his ability or alertness was so impaired – or so likely to become impaired – through fatigue, or any other cause, that it was unsafe for him to begin or continue to operate the commercial motor vehicle.

29.     On January 24, 2020, Defendant Lakhbinder failed to exercise the highest degree of care in the operation of the tractor trailer, and failed to operate the tractor trailer in a careful, prudent and lawful manner, and was negligent or reckless in the operation of a motor vehicle in at least one of the following respects:

    a.   In operating his vehicle in an impaired condition due to fatigue or any other cause;

    b.   In driving too fast for conditions;

    c.   In failing to keep a careful lookout;

d.  In failing to maintain control of the vehicle;

e.  In failing to reach minimum highway speeds;

f.  In failing to keep the vehicle on the roadway;

g.  In failing to keep the vehicle in his lane of travel;

h.  In permitting his vehicle to collide with another vehicle; and

i.  In operating the vehicle in an impaired condition.

30.    Defendant Lakhbinder was negligent *per se* in violating particular Federal

Motor Carrier Safety Regulations, including, but not limited to:

a.  49 C.F.R. § 383.111, which states that all commercial motor vehicle
operators have knowledge of the following areas:  procedures for safe
vehicle operations; the effects of fatigue, poor vision and general health
upon safe commercial motor vehicle operation; proper procedures needed
to use a commercial motor vehicle's safety systems in an emergency
situation; proper procedures for signaling presence; speed management
and variables such as speed, visibility, surface conditions, traffic flow, and
stopping distance; hazard perception; emergency maneuvers such as
evasive steering, emergency stopping, brake failure, what to do when
sleepy while driving; and safely operating combination vehicles;

b.  49 C.F.R. § 390.3, which states that every driver must comply with all
applicable Federal Motor Carrier Safety Regulations;

c.  49 C.F.R. § 391.11, which states that a person shall not drive a
commercial motor vehicle unless he is qualified under the regulations,
which, among other things, require that he can, by reason of experience or
training, safely operate the type of commercial motor vehicle he drives,
and that he is physically qualified to drive a commercial motor vehicle;

d.  49 C.F.R. § 392.14, which states that a person shall exercise extreme
caution when driving in hazardous conditions, such as those caused by
snow, ice, sleet, fog, mist, rain, dust, or smoke, which adversely affect
visibility or traction.

e.  49 C.F.R. § 392.2, which states that a commercial motor vehicle must be
operated in accordance with the laws, ordinances, and regulations of the
jurisdiction in which it is being operated;

    f.    49 C.F.R § 392.3, which states that no driver shall operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

    g.    49 C.F.R. § 392.80, which states that no driver shall engage in texting while driving; and,

    h.    49 C.F.R. § 392.82, which states that no driver shall use a hand-held mobile telephone while driving.

31.    The federal government promulgated, designed, and intended these laws and regulations to protect a class of people that included Plaintiff Jones.

32.    The State of Missouri adopted these laws and regulations to protect a class of people that included Plaintiff Jones.

33.    At the time that Defendant Lakhbinder was operating the tractor trailer and caused the crash, he knew, or in the exercise of the highest degree of care should have known, that his conduct was wanton, malicious, and culpable as to evince utter recklessness, showed a high degree of moral culpability, was so flagrant as to transcend simple carelessness, and evidenced a conscious disregard for the rights of others, including Plaintiff Jones. The law, therefore, entitles Plaintiff Jones to an award for the aggravating circumstances that gave rise to this crash.

34.    Defendant Lakhbinder's violation of the federal regulations caused or contributed to cause the injuries to Plaintiff Jones.

35.    Defendant Lakhbinder's actions and omissions as set forth above were negligent and reckless and directly caused and directly contributed to cause the subject crash and the injuries to Plaintiff Jones.

36.     Defendants' negligence and recklessness directly and proximately caused the injuries to Plaintiff Jones.

37.     Plaintiff Jones claims all allowable damages, including all damages amounts that a jury may find reasonable (which will exceed the statutory minimum required to support jurisdiction in any court, state or federal), permitted under the law. Plaintiff Jones asks for judgment against Defendant Lakhbinder for actual damages together with costs, aggravated damages, post-judgment interest, and all other proper relief.

### Count II: Negligence, Negligence *Per Se*, and Recklessness of Defendant United

38.     Plaintiff incorporates all previous paragraphs into this section.

39.     Defendant United is vicariously liable for Defendant Lakhbinder's negligence, recklessness, and violations of common law, regulatory and statutory requirements.

40.     Independent of its vicarious liability, Defendant United had a duty to exercise care in hiring, retaining, training, and supervising their drivers and other employees, including Defendant Lakhbinder.

41.     Independent of its vicarious liability, Defendant United had a duty to exercise care in entrusting their vehicles and equipment – and any and all vehicles and equipment under their control – to responsible, competent and qualified drivers.

42.     Independent of its vicarious liability, Defendant United had a duty to exercise care in entrusting their vehicles and equipment – and any and all vehicles and equipment under their control – to make sure that such vehicles and equipment were in a safe operating condition.

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

43.    Independent of its vicarious liability, Defendant United was the motor carrier responsible for the transport of goods being transported at the time of the crash, under the Bill of Lading for such transport, and it was responsible to make sure that such transport was performed safely.

44.    Defendant United failed to exercise care in meeting its duties in at least the following respects:

 a. In permitting Defendant Lakhbinder to operate a commercial motor vehicle when it was foreseeable that Defendant Lakhbinder was not qualified to do so;

 b. In failing to adequately train, instruct, supervise and monitor Defendant Lakhbinder concerning the safe operation of a tractor trailer;

 c. In failing to adequately train, instruct, supervise and monitor Defendant Lakhbinder regarding keeping a proper lookout and look-ahead, space management, speed management, staying aware of his driving environment, anticipating hazards and avoiding distractions;

 d. In failing to train, instruct, supervise and monitor Defendant Lakhbinder to make sure he was not too fatigued or ill, or not likely to become too fatigued or ill, to safely operate a commercial motor vehicle;

 e. In permitting Defendant Lakhbinder to operate a commercial motor vehicle when he was too fatigued or ill, or likely to become too fatigued or ill, to safely operate the commercial motor vehicle; and

 f. In entrusting the driver of their vehicle with inadequate, improper, deficient or faulty equipment.

45.    Defendant United was negligent *per se* in violating particular Federal Motor Carrier Safety Regulations, including, but not limited to:

 a. 49 C.F.R. § 383.111, which states that all commercial motor vehicle operators have knowledge of the following areas:  procedures for safe vehicle operations; the effects of fatigue, poor vision and general health upon safe commercial motor vehicle operation; proper procedures needed to use a commercial motor vehicle's safety systems in an emergency situation; proper procedures for signaling presence; speed management and variables such as speed, visibility, surface conditions, traffic flow, and

8

stopping distance; hazard perception; emergency maneuvers such as evasive steering, emergency stopping, brake failure, what to do when sleepy while driving; and safely operating combination vehicles;

b.  49 C.F.R. § 391.11, which states that a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle;

c.  49 C.F.R. § 390.3, which states that every employer of drivers must be knowledgeable of and comply with all regulations contained in the Federal Motor Carrier Safety Regulations that are applicable to its operations, and which states that every driver and employee of a motor carrier must be instructed regarding all applicable Federal Motor Carrier Safety Regulations; and

d.  49 C.F.R § 392.3, which states that a motor carrier shall not require or permit a driver to operate a commercial motor vehicle while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle.

46.     The federal government promulgated, designed, and intended these laws and regulations to protect a class of people that included Plaintiff Jones.

47.     The federal government promulgated, designed, and intended these laws and regulations to prevent the severe injuries suffered by Plaintiff Jones.

48.     The State of Missouri adopted these laws and regulations to protect a class of people that included Plaintiff Jones.

49.     The State of Missouri adopted these laws and regulations to prevent the severe injuries suffered by Plaintiff Jones.

50.     The violation of the federal regulations by Defendant United caused or contributed to cause the severe injuries to Plaintiff Jones.

51.     Plaintiff Jones is an injured party as a result of Defendant United's negligence.

52.     At the time that Defendant United was operating the tractor trailer and caused the crash, they knew, or in the exercise of the highest degree of care should have known, that their conduct was wanton, malicious, and culpable as to evince utter recklessness, showed a high degree of moral culpability, was so flagrant as to transcend simple carelessness, and evidenced a conscious disregard for the rights of others, including Plaintiff Jones. The law, therefore, entitles Plaintiff Jones to an award for the aggravating circumstances that gave rise to this crash.

53.     Defendant United was to receive compensation for the transportation of the Subject Load.

54.     Defendant United's actions and omissions as set forth above were negligent and reckless and directly caused and directly contributed to cause the subject crash and the injuries to Plaintiff Jones.

55.     Defendants' negligence and recklessness directly and proximately caused the injuries to Plaintiff Jones.

56.     Plaintiff Jones claims all allowable damages, including all damages amounts that a jury may find reasonable (which will exceed the statutory minimum required to support jurisdiction in any court, state or federal), permitted under the law. Plaintiff Jones asks for judgment against Defendant United for actual damages together with costs, aggravated damages, post-judgment interest, and all other proper relief.

## **Request for Trial by Jury**

Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

M. BLAKE HEATH,
TRIAL ATTORNEY LLC

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

By /s/ M. Blake Heath
    M. Blake Heath, #61939
    917 W. 43rd Street, Suite 100
    Kansas City, MO 64111
    (816) 931-0048 Phone
    (816) 931-4803 Fax
    blake@heathinjurylaw.com

ATTORNEYS FOR PLAINTIFF

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

**IN THE CIRCUIT COURT OF RAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GORDON W. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** _____ |
| | ) | |
| **v.** | ) | **Division** _____ |
| | ) | |
| **UNITED SAFEWAY, INC.,** | ) | |
| **9846 Ponton Place** | ) | |
| **St. John, Indiana 46373** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SINGH LAKHBINDER,** | ) | |
| **32 Hamilton Blvd NW** | ) | |
| **Cartersville, Georgia 30120** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER**</u>

COMES NOW Plaintiff, by and through their attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal

Names (s):

**William Sheehan**

a process server in Indiana and

**Kyle Adcock**

who has submitted to this court his Affidavit for Approval as Special Process Server for service

of Defendant in Georgia, **Exhibit A**, both are not party to the case, and are not less than eighteen

(18) years of age, as private process server in the above cause to serve process in this case.


Respectfully submitted,

M. BLAKE HEATH,
TRIAL ATTORNEY LLC

By /s/ M. Blake Heath
    M. Blake Heath, #61939
    917 W. 43rd Street, Suite 100
    Kansas City, MO 64111
    (816) 931-0048 Phone
    (816) 931-4803 Fax
    blake@heathinjurylaw.com

**ATTORNEY FOR PLAINTIFF**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____    _____
                                    Judge or Clerk

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

## AFFIDAVIT FOR APPOINTMENT AS A PRIVATE PROCESS SERVER

CASE NO. _____

**Process Server's Information:**

Legal Name: _Kyle Anthony Adcock_

Current Address: _1786 Trimble Hollow Rd Adairsville, Ga 30103_

Occupation and Employer: _Adcock services_

Telephone Number: _(770) 896-7770_

I, _Kyle Adcock_ _____, being duly sworn under oath and penalty of perjury
**(Name of Process Server)**
do hereby state that I meet the following qualifications:

(Indicate with initials each qualification that applies)

_KA_ I am at least eighteen (18) years of age;

_KA_ I am a citizen of the United States;

_KA_ I have a high school diploma or equivalent;

_KA_ I have not plead guilty or been convicted of a felony or a misdemeanor involving moral turpitude;

_KA_ I am not a fugitive from justice or currently charged with a felony or misdemeanor involving

moral turpitude;

_KA_ I am not related to or employed by a party in the action;

_KA_ I am of good moral character;

_KA_ I will not serve process in any jurisdiction unless I am authorized by law to serve process within

the jurisdiction where such service is made; and

_KA_ I have not been disqualified by any Court to act as a process server within the preceding twelve

(12) months.

_____
Process Server's Signature

STATE OF MISSOURI    )
COUNTY OF JACKSON    ) SS.

Subscribed and sworn to before me on ___4/28/20___

FRANK HUGH JAMES
NOTARY PUBLIC          (Seal)
CHEROKEE COUNTY, GA
MY COMMISSION EXPIRES
JANUARY 9, 2021

_____
Notary Public

My Commission Expires: ___01-09-21___

**Note: It is a Class A Misdemeanor to make a false affidavit for the purpose of misleading a public
servant. Section 575.050 RSMo**

10-23-2009



# IN THE 8TH JUDICIAL CIRCUIT, RAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KEVIN L WALDEN | Case Number:  20RY-CV00357 |
| Plaintiff/Petitioner:<br>GORDON JONES | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW BLAKE HEATH<br>917 WEST 43RD STREET<br>SUTIE 100<br>KANSAS CITY, MO  64111 |
| vs. | |
| Defendant/Respondent:<br>UNITED SAFEWAY, INC. | Court Address:<br>100 W. Main St |
| Nature of Suit:<br>CC Pers Injury-Vehicular | Ste 22<br>Richmond, MO  64085 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **UNITED SAFEWAY, INC.**
                            **Alias:**

**9846 PONTON PLACE**
**ST. JOHN, IN 46373**

*COURT SEAL OF*

*RAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| | |
|---|---|
| May 7, 2020 | /s/ Alice F Smith |
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

Case 4:20-cv-00477-BCW   Document 1-1   Filed 06/12/20   Page 17 of 25

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM60 (SMOS) For Court Use Only: Document ID#: 20-SMOS-2    2 of 2    (28RY-CV00357)    Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00477-DGK   Document 1-1   Filed 06/12/20   Page 18 of 25



# IN THE 8TH JUDICIAL CIRCUIT, RAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>KEVIN L WALDEN | **Case Number: 20RY-CV00357** |
| Plaintiff/Petitioner:<br>GORDON JONES | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW BLAKE HEATH<br>917 WEST 43RD STREET<br>SUTIE 100 |
| vs. | KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>UNITED SAFEWAY, INC. | Court Address:<br>100 W. Main St |
| Nature of Suit:<br>CC Pers Injury-Vehicular | Ste 22<br>Richmond, MO 64085 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| | |
|---|---|
| **The State of Missouri to:** | **SINGH LAKHBINDER**<br>**Alias:** |

**32 HAMILTON BLVD NW**
**CARTERSVILLE, GA 30120**

*COURT SEAL OF*

*RAY COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| May 7, 2020 | _____ /s/ Alice F Smith |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

OSCA (07-18) SM60 (SMOS) *For Court Use Only* **Document ID# 20-SMOS-3**    1 of 2    *(20RY-CV00357)*    Rules 54.06, 54.07, 54.14, 54.20, 506.500, 506.510 RSMo

Case 4:20-cv-00477-DGK   Document 1-1   Filed 06/12/20   Page 19 of 25

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

Electronically Filed - Ray Circuit Division - May 06, 2020 - 11:25 AM

**IN THE CIRCUIT COURT OF RAY COUNTY, MISSOURI**

| | | |
|---|---|---|
| **GORDON W. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** _____ |
| | ) | |
| **v.** | ) | **Division** _____ |
| | ) | |
| **UNITED SAFEWAY, INC.,** | ) | |
| **9846 Ponton Place** | ) | |
| **St. John, Indiana 46373** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **SINGH LAKHBINDER,** | ) | |
| **32 Hamilton Blvd NW** | ) | |
| **Cartersville, Georgia 30120** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through their attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal

Names (s):

**William Sheehan**

a process server in Indiana and

**Kyle Adcock**

who has submitted to this court his Affidavit for Approval as Special Process Server for service

of Defendant in Georgia, **Exhibit A**, both are not party to the case, and are not less than eighteen

(18) years of age, as private process server in the above cause to serve process in this case.

Respectfully submitted,

M. BLAKE HEATH,
TRIAL ATTORNEY LLC

By /s/ M. Blake Heath
M. Blake Heath, #61939
917 W. 43rd Street, Suite 100
Kansas City, MO 64111
(816) 931-0048 Phone
(816) 931-4803 Fax
blake@heathinjurylaw.com

**ATTORNEY FOR PLAINTIFF**

**ORDER**

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private

process server is granted and the above-named individuals are hereby approved and appointed to

serve process in the above-captioned matter.

Date: _____May 7, 2020_____        _Kevin L. Walden_____
                                    Judge or Clerk

## **AFFIDAVIT OF SERVICE**

| | | |
|---|---|---|
| **State of Missouri** | **County of RAY** | **Circuit Court** |

Case Number: 20RY-CV00357

Plaintiff:
**GORDON JONES**
vs.
Defendant:
**UNITED SAFEWAY INC**

POW2020004019

For: M Blake Heath

Received by D & B Legal Services, Inc. on the 8th day of May, 2020 at 11:34 am to be served on **UNITED SAFEWAY INC, 9846 PONTON PL, ST JOHN, IN 46373.** I, _William Sheehan_, being duly sworn, depose and say that on the _13th_ day of _May_, 20_20_ at _3:00_ p.m., executed service by delivering a true copy of the **Summons and Petition for Damages** in accordance with state statutes in the manner marked below:

(x) INDIVIDUAL SERVICE: Served the within-named person.

( ) INDIVIDUAL SERVICE AT ALTERNATE ADDRESS: Served the within-named person at the alternate address of
_____.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) SUBSTITUTE SERVICE AT ALTERNATE ADDRESS: By Serving _____ as
_____. At the address of

( ) POSTED: ( ) at a public place, address listed below - ( ) at the residence of the within-named person, address listed below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _I served Parm Singh President of United Safeway Inc_
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _15_ day of
_May_, 20_20_ by the affiant who is personally
known to me

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Jay Saine
Notary Public Seal State of Indiana
Jasper County
My Commission Expires 10/07/2024

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2020004019

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of RAY**                    **Circuit Court**

Case Number: 20RY-CV00357

Plaintiff:
**GORDON JONES**
vs.
Defendant:
**UNITED SAFEWAY INC**

POW2020004018

For: M Blake Heath

Received by D & B Legal Services, Inc. on the 8th day of May, 2020 at 11:34 am to be served on **SINGH LAKHBINDER, 32 HAMILTON BLVD NW, CARTERSVILLE, GA 30120.** I, **KYLE ADCOCK**, being duly sworn, depose and say that on the __8__ day of __MAY__, 20 __20__ at __2 30__ __m.__, executed service by delivering a true copy of the **Summons and Petition for Damages** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) INDIVIDUAL SERVICE AT ALTERNATE ADDRESS: Served the within-named person at the alternate address of
_____

(✓) SUBSTITUTE SERVICE: By serving **JOHN DOE** as
**ROOMMATE**

( ) SUBSTITUTE SERVICE AT ALTERNATE ADDRESS: By Serving _____ as
_____. At the address of

( ) POSTED: ( ) at a public place, address listed below - ( ) at the residence of the within-named person, address listed below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** **The recipient acknowledged and accepted the legal documents. However, they refused to divulge their names. The recipient was an Indian male with a ponytail, 250 lbs., 6ft., black hair, brown eyes 35 yrs. of age.**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __18__ day of
__May__, __2020__ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

FRANK HUGH JAMES
NOTARY PUBLIC
CHEROKEE COUNTY, GA
MY COMMISSION EXPIRES
JANUARY 9, 2021

PROCESS SERVER # ___946___
Appointed in accordance with State Statutes

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: 2020004018

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c